# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| GARY MATTHEWS, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV608-048 |
| | ) | [underlying CR605-030] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Gary Matthews has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 4.) For the following reasons, Matthews' motion should be **DENIED**.

## I. BACKGROUND

On December 8, 2004, a federal grand jury indicted Matthews on one count of unlawful possession of a firearm by a convicted felon (as an armed

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV608-048. "Cr. Doc." refers to documents filed under movant's criminal case, CR605-030.

career criminal). United States v. Matthews, No. CR604-027 (S.D. Ga. filed Dec. 8, 2004) (Doc. 1). During the trial, the jury could not reach a verdict, so the judge declared a mistrial. (Presentence Investigation Report ("PSI") 3 at ¶¶ 1-3.) On September 16, 2005, the grand jury returned a new indictment charging Matthews with possession of a firearm by a convicted felon (as an armed career criminal), possession of a controlled substance with the intent to distribute, and possession of a firearm in relation to a drug trafficking crime. Matthews, No. CR604-027 (Doc. 93).

A new criminal action was initiated on November 29, 2005, when the government filed a one count information under the present criminal case number charging Matthews with possession of a stolen firearm. (Cr. Doc. 1.) Matthews entered a negotiated plea of guilty to that count. (Cr. Doc. 3.) On February 8, 2006, Matthews was sentenced to 120 months' imprisonment and a term of supervised release to be served consecutively to the revoked state parole term he was then serving. (Cr. Doc. 6.) On that same day, the sentencing judge dismissed the remaining charges in the prior case, CR604-027. Matthews, No. CR604-027 (Doc. 135). Matthews filed a notice of appeal on February 17, 2006. (Cr. Doc. 7.) On September

29, 2006, the Eleventh Circuit affirmed his sentence. <u>United States v. Matthews</u>, 199 F. App'x 823 (11th Cir. 2006). The Supreme Court denied certiorari on June 11, 2007. <u>Matthews v. United States</u>, 127 S. Ct. 2949 (2007).

Matthews is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. (Doc. 1 at 1.) His timely 28 U.S.C. § 2255 motion was filed on June 16, 2008, asserting the following grounds for relief:

(1) trial counsel was ineffective for failing to pursue a conditional guilty plea to preserve Fourth Amendment issues for appeal, and appellate counsel was ineffective for failing to raise the issue on appeal;

(2) trial counsel provided ineffective assistance by failing to move to dismiss the superseding indictment on grounds of double jeopardy, and appellate counsel was ineffective for failing to raise the issue on appeal; and

(3) trial counsel was ineffective for failing to take an interlocutory appeal of the trial court's denial of his motion to dismiss the indictment on the ground of prosecutorial vindictiveness, and appellate counsel was ineffective for failing to raise the issue on appeal.[2]

---

[2] Matthews enjoyed the representation of several attorneys. Throughout the proceedings and on appeal, he was represented by Hal Roach, Jr. Stewart Patray aided Roach during the first trial, but was not involved in the second. Similarly, after the superseding indictment was returned, D.J. Stewart entered an appearance on Matthews' behalf, but Stewart was not included as counsel after that indictment was dismissed and

3

(Id. at 4-8.) The government responded in opposition to Matthews' motion on July 17, 2008. (Doc. 4.)

## II.  ANALYSIS

As noted above, Matthews pled guilty to possession of a stolen firearm. (Cr. Doc. 3.) A criminal defendant that enters a plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Instead, he may only attack the plea itself by showing that the advice he received from counsel undermined "the voluntary and intelligent character of the plea." Id. Here, Matthews raises three such claims of ineffective assistance of counsel. (Doc. 1.)

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a movant received ineffective assistance of counsel. First, movant must demonstrate that his

---

the government filed its information under the new case number on November 29, 2005. Matthews does not specify which of his trial attorneys were ineffective, but the attorney's identity is unnecessary to the analysis.

4

attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, movant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the prejudice prong, movant must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilt and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S.

at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. Appellate counsel has no duty to assert every potentially colorable claim of error, even if his client urges him to do so, but instead should exercise his professional judgment and select only "the most promising issues for review." Id.

With these considerations in mind, the Court will now turn to Matthews' asserted grounds for relief.

### A. Conditional Guilty Plea

Matthews states that trial counsel's failure to seek "a conditional plea of guilty and thereby preserv[e] him his right to appeal the trial court's

denial of motion to suppress evidence was sufficiently egregious to constitute constitutionally ineffective assistance of counsel." (Doc. 1 at 17; Doc. 7 at 1-2.)

Rule 11(a)(2) of the Federal Rules of Criminal Procedure permits a defendant to enter a conditional plea of guilty "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion" if he obtains "the consent of the court and the government." The government and the court have the absolute privilege to veto a conditional plea under the Rule, so it does not give the defendant the "right" to a conditional plea. United States v. Bell, 966 F.2d 914, 916 (5th Cir. 1992); United States v. Davis, 900 F.2d 1524, 1527 (10th Cir. 1990); United States v. Fisher, 772 F.2d 371, 373 (7th Cir. 1985). In fact, because counsel is "essentially powerless to effectuate a conditional plea, [any] alleged neglect to either advise defendant of the possibility of such a plea and or negotiate one on his behalf would not qualify as deficient performance under Strickland's first prong." United States v. Williams, 1999 WL 1212883, at *5 (D.D.C. Oct. 25, 1999) (citing United States v. Webb, 120 F.3d 271, at *1-2 (10th Cir. July 25, 1997) (unpublished table

7

opinion)). In addition, such a speculative claim cannot satisfy the prejudice prong of the ineffective assistance inquiry. Killian v. United States, 2007 WL 2491053, at *3 (W.D.N.C. Aug. 28, 2007) (holding that the failure to advise a client of the possibility of entering a conditional guilty plea "fails to satisfy the prejudice prong" of the ineffective assistance inquiry); United States v. Okafor, 49 F. App'x 353, 356 (2d Cir. 2002) (same); Williams, 1999 WL 1212883 at *5 (same); Webb, 120 F.3d 271 at *2 (same). Consequently, Matthews' first contention is meritless.

### B. Double Jeopardy

Matthews next contends that trial counsels' failure to move to dismiss the superseding indictment on the grounds of double jeopardy gave rise to a viable claim of ineffective assistance of counsel. (Doc. 1 at 27.) In order to assess counsels' performance, the Court must first determine whether retrial was barred by the Double Jeopardy Clause.

"The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal." Arizona v. Washington, 434 U.S. 497, 503 (1978). However, "[u]nlike the situation in which the trial has ended in an acquittal or conviction, retrial is not automatically barred

when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." Id. at 505. Retrial is permitted if the trial judge determines that "manifest necessity" justifies a discharge of the jury. Id. at 509 (quoting the standard set out in United States v. Perez, 22 U.S. 579 (9 Wheat.) 580 (1824)). The decision to grant a mistrial because of a hung jury has "long [been] considered the classic basis for a proper mistrial." United States v. Berroa, 374 F.3d 1053, 1057 (11th Cir. 2004) (quoting Washington, 434 U.S. at 509)). But the phrase "manifest necessity" does not articulate "a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge." Washington, 434 U.S. at 506. Consequently, the Court must turn to the record to determine whether manifest necessity permitted a retrial in this case.

During jury deliberations, the foreperson sent a note to the trial judge stating: "Your honor, We have several jurors that are standing their ground saying they will not change. Several arguments have been made, both ways, and no one has changed. I don't believe we will come to a unanimous decision." Matthews, No. CR604-027 (Doc. 89; Trial Tr. at 253). The judge

then gave a modified Allen charge, instructing the jurors to continue in their deliberations to attempt to reach a verdict. Id. (Trial Tr. at 256). The jury did not reach a unanimous verdict, so the judge declared a mistrial. Id. (Doc. 95). Nothing in the record shows that the judge acted in an abrupt, irrational, or irresponsible manner in declaring the mistrial.[3] See United States v. Jorn, 400 U.S. 470, 487 (1971); Washington, 434 U.S. at 514-15; Illinois v. Somerville, 410 U.S. 458, 469 (1973). Accordingly, the judge's determination must be accorded substantial deference.[4] United States v. Berroa, 374 F.3d 1053, 1057 (11th Cir. 2004) (quoting Washington, 434 U.S. at 509). As Matthews has not shown any reason to disturb the trial judge's ruling, the Court finds that manifest necessity permitted a retrial in this case. Washington, 434 U.S. at 509 ("without exception, the courts [of this

---

[3] Matthews argues that the trial judge improperly declared mistrial after the jury had been deliberating for only three hours. (Doc. 1 at 27.) The judge, however, allowed the jurors to "be as leisurely in [their] deliberations as the occasion may require, and [to] take all the time which [they felt] necessary." Matthews, No. CR605-027 (Trial Tr. at 257). The judge did not rush the jurors to a conclusion, so the length of time that elapsed during the deliberations is unimportant.

[4] Such deference has been granted "even when . . . the trial judge relied on the foreman's statement of deadlock without polling the other jurors, or when the judge failed to assure that the deadlock applied on all counts." 3 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 24.2(b) (1984).

country] have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial").

Without a showing that some error occurred, a motion to dismiss the superseding indictment would have been denied. United States v. Corona, 804 F.2d 1568, 1570-71 (11th Cir. 1986). Consequently, counsel was not ineffective under either of Strickland's prongs for failing to file a motion to dismiss or to raise this ground on appeal.

C.   **Prosecutorial Vindictiveness**

Matthews finally contends his "[t]rial lawyers provided ineffective assistance of counsel by failing to take [an] interlocutory appeal" of the trial court's denial of his "motion to dismiss the [superseding] indictment on the grounds of prosecutorial vindictiveness." (Doc. 1 at 7.)

On November 2, 2005, Matthews moved to dismiss the superseding indictment on the ground of prosecutorial vindictiveness. Matthews, No. CR604-027 (Doc. 112). Matthews contended that the imposition of additional charges in the superseding indictment punished him for the exercise of his right to a jury trial. Id. (Doc. 93). The new trial judge assigned to the case denied Matthews' motion. Id. (Doc. 123). As noted by

11

the trial judge, Matthews' motion to dismiss was barred by United States v. Mays, 738 F.2d 1188, 1190 (11th Cir. 1984). In that case, the Eleventh Circuit noted that "[t]he declaration of the mistrial after the first trial did not result from [defendant's] assertion of a protected right, but came about because the jury was simply unable to reach a verdict." Id. at 1189. As any "additional charges cannot be said to be characterized as having arisen from any exercise of a protected right," the Eleventh Circuit did not find vindictiveness when "the assistant United States Attorney advised the defendant's attorney that the government would seek a superseding indictment covering additional counts if [defendant] did not enter a plea of guilty to the initial . . . count" and later obtained the superseding indictment. Id. at 1188-89. The imposition of the additional counts was simply a "new attempt at bargaining that was understandably appropriate" because "the mistrial moved the government to reassess the manner of presenting the evidence supporting [defendant's] involvement in the underlying transaction." Id. at 1190.

As Matthews' claim is directly contrary to controlling Eleventh Circuit precedent, trial counsel had no reason to file an interlocutory

appeal. Consequently, counsel cannot be said to have performed deficiently under either of Strickland's prongs.

## III. CONCLUSION

For all of the reasons explained above, Matthews' § 2255 motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 25th day of September, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA