UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GARY MATTHEWS,

    Movant,

v.      608CV048
        605CR030
UNITED STATES

    Respondent.

# ORDER

This "gun-and-drugs" prosecution against defendant Gary Alexander Matthews ended with a mistrial (hung jury) on 8/30/05. 604CR027, 8/30/05 entry. The Government filed a superseding indictment, 604CR027, doc. # 93, and in a new case filing, 605CR030, defendant pled guilty to one count of violating 18 U.S.C. § 922(j) ("Possession of a stolen firearm"). Doc. # 6. Following his unsuccessful appeal, doc. ## 7, 14, Mathews unsuccessfully moved for 28 U.S.C. § 2255 relief, contending that his trial and appellate counsel were ineffective. Doc. # 16 (motion); # 22 (Report and Recommendation (R&R) advising that motion be denied); # 27 (Judgment pursuant to R&R adoption).[1]

Defendant now appeals, doc. # 29, applies for a Certificate of Appealability (COA), doc. # 30, and for leave to appeal *in forma pauperis* (IFP). Doc. # 31. His IFP motion is examined under the pre-PLRA version of 28 U.S.C. § 1915. *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). To obtain IFP status he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

To obtain a COA, a § 2255 movant must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but *also* that there is a substantial issue about the correctness of the procedural ground on which the petition was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C.A. § 2253(c)(2). *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007). At a minimum, then, a COA applicant must show that this Court *prejudicially* erred (*i.e.*, in a way that, but for the error, the case's outcome would have been materially different) within the meaning of F.R.Civ.P. 61.

Matthews has committed a common COA application error by merely rehashing his § 2255 motion while failing to show *how* this Court prejudicially erred. He does not once say, for example, that the Court erred in denying his ineffective assistance claim because it overlooked "X, Y, Z" crucial facts, relied upon an overruled case, etc. Hence, he has failed to meet the COA/IFP standards.

Accordingly, the Court **DENIES** defendant Gary Alexander Matthews's time-extension motion, doc. # 20, as moot, *see supra* n. 1 and **DENIES** his COA/IFP motions. Doc. ## 30, 31.

This __19__ day of November, 2008.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] On 8/4/08, Matthews moved for extra time to reply to the Government's response to his § 2255 motion. Doc. # 20. That motion evidently was overlooked, as it is still pending. Yet, it is moot because Matthews filed an Objection to the R&R (where he could thus respond to the Government's arguments) on 10/17/08, doc. # 24 -- one week before this Court adopted the R&R. Doc. ## 26, 27.